**In re Petition of CENTRAL VERMONT PUBLIC SERVICE CORP. For Authority To Condemn Easement Rights In Property Interests of Michael Bladyka**

2010 VT 7

[992 A.2d 308]

No. 09-136

¶ 1. February 12, 2010. Landowner appeals a decision of the Public Service

Board allowing condemnation of a portion of his property for an easement to extend utility lines and setting the compensation at $250 for the condemnation. We affirm.

¶ 2. In March 2008, Central Vermont Public Service Corporation (CVPS) filed a petition under 30 V.S.A. § 112 with the Board to condemn a corridor on landowner's property to extend utility lines to the property of a neighbor who intended to build a home there. Following a hearing and site visit, the hearing officer recommended that the Board approve the condemnation request and compensate landowner in the amount of $250. After hearing landowner's objections to those recommendations, the Board adopted the hearing officer's findings, conclusions, and recommendations. On appeal, landowner argues that (1) the record does not support the finding of necessity to condemn his property; and (2) compensation was not based on admissible evidence or set according to the applicable statutory standard. We find no error and conclude that the record supports the Board's order as to the necessity of, and the compensation for, the condemnation.

¶ 3. Landowner first argues that the Board failed to adequately explore alternatives before condemning his property. To the contrary, both CVPS and the Board explored the various alternatives, but concluded that the most cost-effective alternative was to condemn landowner's property. While it appears that the Board and CVPS considered different routes, at a higher cost to the customer requesting service, choosing the lower cost option was not the only determining factor. Furthermore, cost is not an unreasonable factor in selecting among alternative approaches where it is one of several elements of the analysis. Witnesses for both CVPS and the Department of Public Service testified extensively as to their investigation into alternatives for bringing utility lines to the new home. The Board found that: (1) placing the easement on

landowner's property would cover the shortest distance, involve the least amount of tree clearing and aesthetic impact, and be the least expensive option; (2) the proposed route through landowner's property would extend an existing and well-established utility corridor that already included a utility pole and lines on the property; (3) in contrast to a proposed alternative that would run the lines along a nearby road, the Town of Weathersfield did not raise any concerns about placing the line through the existing corridor on landowner's property; (4) the cleared easement corridor would remain well-screened and not visible from the road; (5) the view from landowner's property would remain largely unaffected; (6) all of the other suggested alternatives, apart from placing the lines underground, would result in the same or greater cost to the neighbor and impact to the environment; and (7) the expense of underground lines could not be justified by any potential benefits to landowner. These findings and others are supported by the record, which in turn, supports the Board's finding of necessity. See *In re E. Georgia Cogeneration Ltd. P'ship*, 158 Vt. 525, 531-32, 614 A.2d 799, 803 (1992) (noting that findings adopted by Board are accepted unless clearly erroneous, and that Board orders are presumed to be valid).

¶ 4. Landowner also argues that the description of the location of the easement is inadequate. Again, we disagree. In a condemnation petition, a public utility corporation must describe the property or right it wishes to condemn. 30 V.S.A. § 111(a). Generally, an interest in land, including an easement, " 'must be described with certainty and accuracy.' " *Grice v. Vt. Elec. Power Co.*, 2008 VT 64, ¶ 24, 184 Vt. 132, 956 A.2d 561 (quoting *Vt. Elec. Power Co. v. Anderson*, 121 Vt. 72, 78, 147 A.2d 875, 879 (1959)). That requirement "is fulfilled if the description is such that the landowner is not misled and

its defect may be cured upon demand." *Anderson*, 121 Vt. at 78, 147 A.2d at 879. Landowner does not claim that he was misled or is unable to obtain clarity about the specific location of the easement, which was plainly depicted in a drawing that was admitted as an exhibit.

¶ 5. Next, landowner contends that the Board failed to follow the statutory standard in setting compensation, which requires that compensation be "based upon the value of the property on the day [of] the petition . . . and shall include as separate elements the value of the property taken, impairment to the value of remaining property or rights of the owner, and consequential damages." 30 V.S.A. § 112(4). According to landowner, the Board erred by declaring that it would measure the difference between the value of the whole parcel immediately before the taking and the value of the remaining part immediately after the taking. We fail to see how the Board substantively strayed from the statutory standard. Landowner was awarded $250 for the easement taken. In so doing, the Board adopted the hearing officer's conclusions, supported by the record, that landowner retained access to and use of the underlying real estate and that it was hardly more impacted by the new easement than from preexisting easements. The Board determined that extending the utility easement corridor on landowner's property approximately 115 feet would have virtually no effect on the value of the remaining property in light of the evidence presented. No more was required in this case.

¶ 6. Landowner argues, however, that the testimony upon which the Board relied in setting compensation was improperly admitted. According to landowner, one of the witnesses who testified on behalf of CVPS regarding compensation was not an expert, and the other witness, although an expert in land valuation, presented speculative testimony that did not qualify as expert testimony. Again, we find no error. As the Board explained, the hearing officer did not rely upon the valuation opinion of the first witness. Moreover, the Board explicitly found that landowner's objections to the prefiled testimony of both witnesses was untimely. Landowner fails to demonstrate that the Board abused its discretion in so ruling. See *USGen New England, Inc. v. Town of Rockingham*, 2004 VT 90, ¶ 21, 177 Vt. 193, 862 A.2d 269 (noting that abuse of discretion standard applies to rulings on admission of expert testimony).

*Affirmed.*